UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SCALES,<br><br>                    Plaintiff,<br><br>          -against-<br><br>FEDERAL BUREAU OF INVESTIGATION;<br>APPLIE INC.,<br><br>                    Defendants. | 22-CV-9683 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, Kings County, New York, brings this *pro se* action invoking the Court's federal question jurisdiction and asserting state-law claims. He alleges that for the past seven years, Defendant Federal Bureau of Investigation ("FBI") has illegally observed Plaintiff's mobile devices and living spaces, both "in person [and at an] Apple [store] [in] Williamsburg." (ECF 1, at 5.) Named as Defendants are the FBI, which is located in Washington, D.C., and the Apple store in Williamsburg, Brooklyn.

For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that his rights were violated in Brooklyn, both where he resides and where the alleged events occurred at an Apple Store. He provides a Washington, D.C. address for the FBI and the Brooklyn address for the Apple store. Because these Defendants do not reside in the Southern District of New York, and the alleged events occurred in Brooklyn, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Brooklyn, which is in the Eastern District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes this case.

---

[1] Plaintiff did not submit an application to proceed *in forma pauperis* or pay the filing fee.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 2, 2022
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3